IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL ALVARADO,<br><br>        Plaintiff,<br><br>v.<br><br>PISCATAWAY TOWNSHIP, THE PISCATAWAY POLICE DEPARTMENT and PISCATAWAY POLICE OFFICER DOMINICK FORLENZA,<br><br>        Defendants. | **COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

1. This is an action for redress on behalf of plaintiff Angel Alvarado for money damages brought pursuant to 42 USC 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. It is alleged that all defendants impleaded herein egregiously and with blatant disregard conducted an unreasonable arrest, search, seizure and attempted prosecution of the person of Angel Alvarado, without any probable cause whatsoever, violating his rights, and wrongfully charged Angel Alvarado with certain crimes. It is further alleged that these violations and torts were committed as a result of policies and customs engrained, deep-rooted, entrenched and accepted in the very fabric of the every day operation of the Township of Piscataway and its Police Department, who at all relevant times mentioned herein acted with deliberate disregard and indifference to the Constitutional rights of the plaintiff.

## JURISDICTION AND VENUE

2. This Court has federal jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This Court has supplemental jurisdiction over the state law causes of action under 28 U.S.C. § 1367(a).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events/omissions giving rise to these causes of action all occurred in the District of New Jersey.

## THE PARTIES

4. Plaintiff, Angel Alvarado (hereinafter, the "Plaintiff" or "Alvarado"), at all relevant times mentioned herein, is a resident of Elizabeth, New Jersey.

5. Defendant, Piscataway Township (hereinafter, the "Township" or "Piscataway"), is a municipal corporation organized under the laws of the state of New Jersey which, upon information and belief, hires/trains/disciplines police officers and controls/ monitors/funds/runs the day-to-day activities of defendant Piscataway Police Department.

6. Defendant, Piscataway Police Department (hereinafter, "PPD"), is a municipal law enforcement agency within Piscataway Township who employs defendant officer Dominick Forlenza.

7. Defendant Officer Dominick Forlenza is a sworn law enforcement officer employed by defendant Piscataway Township, within defendant Piscataway Township.

## RELEVANT FACTUAL AVERMENTS

8. The plaintiff repeats the allegations set forth in the preceding paragraphs with the same force and effect as of each were fully set forth at length herein.

9. On/about October 29, 2022, the plaintiff's professional life and career were essentially derailed and forever irreparably harmed/ruined, after the plaintiff was astonishingly and

illegally/wrongfully arrested, without probable cause, and thereafter illegally/wrongfully charged with the crime of theft by defendant Forlenza.

10. Plaintiff Alvarado was illegally/wrongfully arrested and charged with same by Forlenza for allegedly stealing a ninety-six (96) piece chicken order from a Piscataway (New Jersey) ShopRite.

11. The official/filed Police Report baldly, wrongfully and ludicrously states that "through investigative means" the plaintiff was positively identified as the suspect of this alleged theft. This of course was inaccurate and untrue.

12. Moreover, upon information and belief, there existed at that time a clear and unmistakable photograph of the person (believed to be the true perpetrator) along with loss prevention video footage, in the possession of all of the defendants, that plainly and unequivocally shows/proves that the plaintiff was not the perpetrator, had nothing to do with this alleged theft and was nowhere near the Piscataway Shoprite on the day in question.

13. Upon further information and belief, the official/filed Police Report also contains a description of the person who committed the alleged theft as a black male with glasses and one-inch disk earrings. It has been proven beyond the shadow of a doubt that the person in that photo and video(s) is actually Orange, New Jersey Fire Captain Marquis Bond.

14. To make matters even worse, the Plaintiff does not wear glasses and does not have large one-inch disc ear piercings, and looks absolutely nothing like Marquis Bond – not even close. No reasonable or rational human being can mix-up, mistake or confuse these two (2) persons. Marquis is African American and Angel is Latino.

15. But the nightmare for the plaintiff gets far, far worse.

16. The plaintiff was wrongfully arrested, detained and charged herein while in the middle of a separate job hiring process with law enforcement.

17. Due to what can only be described as a law enforcement career-stymying (or possibly ending) nightmare, the plaintiff was disqualified from this job.

18. Moreover, when the plaintiff appeared in Piscataway Township Municipal Court to embarrassingly and distressingly answer/stand trial for this wrongfully triggered criminal matter, his then legal counsel was easily, effortlessly and readily able to show to defendant Forlenza and the municipal prosecutor that he was not the person in the clear video/photographs the plaintiff received in discovery.

19. At that same time, Marquis Bond was also present in court, and Forlenza was told that the person in the video/pictures was indeed Marquis Bond.

20. Notwithstanding this obvious fact/truism/proof, defendant Forlenza bizarrely, irrationally, foolishly and quizzically insisted that the person in the picture was the plaintiff, and had the unmitigated hubris to do so in the presence of the plaintiff's legal counsel and the municipal prosecutor, both of whom immediately corrected defendant Forlenza and told him that the person in the picture was definitely Marquis Bond.

21. Defendant Forlenza, without pausing and considering what he was being told, became agitated, nervous and visibly upset when he was told that it was not the plaintiff in the videos/ pictures, and after the prosecutor determined that the case should and would be dismissed.

22. But the abject violation of the plaintiff's Constitutional rights was still not over.

23. Approximately an hour later, defendant Forlenza spoke to the municipal prosecutor and requested to reopen the theft case, which was done.

24. After being advised of a dismissal and told that all witnesses can leave, Plaintiff's Counsel was contacted and advised that the case would continue. When the plaintiff's attorney legitimately inquired as to how the case could proceed when it was clear to everyone present

(apparently except Forlenza) that the person in the videos/pictures was not the plaintiff, the prosecutor stated that notwithstanding, the police still wanted to proceed with the case.

25. On November 30, 2023, all parties appeared in municipal court for trial. At that time, defendant Forlenza produced a picture from social media of Marquis Bond to show it to the prosecutor who subsequently shared it with the plaintiff's legal counsel. Defendant Forlenza proceeded to explain to all parties how the cheek bones of Marquis Bond favor the cheek bones of the Plaintiff. When asked about the earrings, height, age, physiognomy and complexion, defendant Forlenza became agitated (as was his usual mantra) and said it was similar enough. Thereafter, Forlenza's supervisor, Lieutenant Young, arrived and held the photo of the alleged perpetrator, Marquis Bond, to the face of the Plaintiffs attorney and said "yeah, you're right, they look nothing alike" in an unprofessional and mocking tone.

26. Ultimately after deliberation between the state and the police department, the state agreed to dismiss the criminal charge due to the misidentification, but shockingly insisted that the plaintiff stipulate to probable cause, which he certainly did not.

27. Needless to say, the plaintiff was successful at the probable cause hearing, wherein the "investigative means" referenced by defendant Forlenza in the police report would later be invalidated by the Judge, who utilized the phrase "this is not Russia" when finding that no probable cause existed.

**FIRST CAUSE OF ACTION**

*(Violation of 42 USC § 1983 – as against Defendant Forlenza)*

28. The plaintiff repeats the allegations set forth in the preceding paragraphs with the same force and effect as of each were fully set forth at length herein.

29. In violation of 42 U.S.C. § 1983, defendant, while acting under color of law and without probable cause, viciously, violently, maliciously, unreasonably and perversely subjected

5

the plaintiff to the deprivation of the plaintiff's rights, privileges, or immunities secured by the United States Constitution.

30. Specifically, defendant deprived the plaintiff of his Fourth Amendment and Fourteenth Amendment rights under the United States Constitution.

31. Defendant Forlenza, as a public employee, acted for or on behalf of a governmental entity and/or abused his position or the power conferred upon him at the time the plaintiff's rights were egregiously and illegally deprived.

## SECOND CAUSE OF ACTION

*(42 U.S.C. § 1983 Liability - As Against Defendants Piscataway Township and Piscataway Township Police Department)*

32. The plaintiff repeats the allegations set forth in the preceding paragraphs with the same force and effect as of each were fully set forth at length.

33. Prior to the date of the illegal actions of all defendants herein, all municipal defendants developed and maintained policies of customs exhibiting deliberate indifference to the Constitutional rights of all persons present at any time within that municipality, including the plaintiff, which caused the within violations.

34. It was the policy and or custom of defendant Township of Piscataway/Piscataway Township Police Department to inadequately supervise and train its police officers, including defendant Forlenza, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

35. The municipal defendants did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

36. As a result of the above-described policies and customs, police officers in Piscataway including defendant Forlenza, believed that their actions would not be properly

monitored by supervisory officers and that the misconduct would not be investigated or sanctioned, but would be tolerated.

37. The above-described policies and customs demonstrated a deliberate indifference on the part of the policymakers in Piscataway, and were the direct cause of the violation of the plaintiff's rights alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff prays that this honorable United States District Court:

(a) accept jurisdiction over this matter;

(b) empanel a jury to hear and decide this matter;

(c) award against all defendants compensatory and punitive damages in a manner determined by a jury;

(d) award to plaintiff the reasonable statutory attorneys' fees, interest and costs of this litigation; and

(e) for such/any other relief that this Court deems equitable and just.

## DEMAND FOR TRIAL BY JURY

Pursuant to F.R.C.P. 38, the plaintiff herein demands a trial by jury on all counts.

Dated: January 29, 2024               Respectfully submitted,

**THE TOSCANO LAW FIRM, LLC**
80 Bloomfield Avenue, Suite 101
Caldwell, New Jersey 07006
Phone: (973) 226-1691
Facsimile: (973) 226-1693
*Attorneys for Plaintiff,*
*Angel Alverado*

By:   */s/ Patrick P. Toscano, Jr.*
       Patrick P. Toscano, Jr.
       N.J. Bar No. 014461986
       ptoscano@pptlawfirm.com