Marc D. Mory, Esq. (ID# 018652001)
HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
40 Paterson Street, PO Box 480
New Brunswick, NJ 08903
(732) 545-4717
Attorneys for Defendants, Township of Piscataway and The Piscataway Police Department

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK, NEW JERSEY

| | |
|---|---|
| Plaintiff,<br><br>ANGEL ALVARADO,<br><br>     vs.<br><br>Defendants,<br><br>PISCATAWAY TOWNSHIP, THE PISCATAWAY POLICE DEPARTMENT and PISCATAWAY POLICE OFFICER DOMINICK FORLENZA | Honorable Everlyn J. Padin, U.S.D.J.<br><br>CIVIL ACTION NO. 2:24-cv-00520-EP-CLW<br><br>**ANSWER, SEPARATE DEFENSES, REQUEST FOR DISCOVERY, ANSWER TO ALL CROSSCLAIMS, NOTICE OF ALLOCATION, DESIGNATION OF TRIAL COUNSEL, JURY DEMAND**<br><br>**ELECTRONICALLY FILED** |

Defendants Township of Piscataway and The Piscataway Police Department, by way of Answer to Plaintiff's Complaint, say:

## INTRODUCTION

1.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

## JURISDICTION

2.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

3.   The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

## THE PARTIES

4.   The allegations contained in this paragraph do not apply to these Defendants and, therefore, no response is made thereto.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

1

5. These Defendants admit that Defendant Piscataway Township is a municipal corporation organized under the laws of the State of New Jersey. The remaining allegations contained in this paragraph call for a legal conclusion and are therefore denied.

6. These Defendants admit the Piscataway Police Department is a department of the Township of Piscataway and that Defendant Dominick Forlenza is employed by the Township of Piscataway.

7. These Defendants admit Defendant Dominick Forlenza is a sworn law enforcement officer employed by Defendant Piscataway Township.

## RELEVANT FACTUAL AVERMENTS

8. These Defendants repeat and reiterate each and every response to prior allegations as if same were set forth herein at length.

9. These Defendants deny the allegations contained in this paragraph.

10. These Defendants deny the allegations contained in this paragraph.

11. These Defendants deny the allegations contained in this paragraph.

12. These Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph.

13. The police report speaks for itself. The remaining allegations contained in this paragraph call for a legal conclusion and are therefore denied.

14. These Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph.

15. These Defendants deny the allegations contained in this paragraph.

16. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

17. These Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

18. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

19. These Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph.

20. These Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph.

21. These Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph.

22. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

23. These Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph.

24. These Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph.

25. These Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph.

26. These Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph.

27. These Defendants have insufficient knowledge to admit or deny the allegations contained in this paragraph.

## FIRST CAUSE OF ACTION

### *(Violation of 42 USC § 1983 – as against Defendant Forlenza)*

28. These Defendants repeat and reiterate each and every response to prior allegations as if same were set forth herein at length.

29. The allegations contained in this paragraph Do not apply to these Defendants and, therefore, no response is made thereto.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

30. The allegations contained in this paragraph do not apply to these Defendants and, therefore, no response is made thereto.

31. The allegations contained in this paragraph do not apply to these Defendants and, therefore, no response is made thereto.

## SECOND CAUSE OF ACTION

***(42 U.S.C. § 1983 Liability – As Against Defendants Piscataway Township and Piscataway Township Police Department)***

32. These Defendants repeat and reiterate each and every response to prior allegations as if same were set forth herein at length.

33. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

34. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

35. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

36. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

37. The allegations contained in this paragraph call for a legal conclusion and are therefore denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Township of Piscataway and The Piscataway Police Department demand judgment dismissing the Complaint, together with costs and counsel fees.

## FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

## SECOND SEPARATE DEFENSE

Plaintiff's cause of action is barred by the applicable Statute of Limitations and/or Repose.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

### THIRD SEPARATE DEFENSE

These Defendants did not violate any duty owed to Plaintiff under common law, statute, regulations or standards.

### FOURTH SEPARATE DEFENSE

The conduct of these Defendants was not the proximate cause of Plaintiff's alleged damages.

### FIFTH SEPARATE DEFENSE

The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of these Defendants.

### SIXTH SEPARATE DEFENSE

Plaintiff does not have standing to assert the claims made the subject of this Complaint.

### SEVENTH SEPARATE DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### EIGHTH SEPARATE DEFENSE

Plaintiff's cause of action fails to sustain a claim for equitable damages.

### NINTH SEPARATE DEFENSE

Plaintiff's cause of action fails to sustain a claim for compensatory damages.

### TENTH SEPARATE DEFENSE

These Defendants could not and did not foresee the risks of the damages Plaintiff alleges.

### ELEVENTH SEPARATE DEFENSE

These Defendants deny that Plaintiff has suffered any losses or damages; in any event, any losses or damages sustained by Plaintiff are de minimis, remote, speculative, and/or transient and, hence, are not cognizable at law.

### TWELFTH SEPARATE DEFENSE

Plaintiff's claims are barred by the Doctrines of Estoppel, Collateral Estoppel. Waiver, equitable estoppel, res judicata, fraud, misrepresentation, unclean hands and/or laches.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

5

### THIRTEENTH SEPARATE DEFENSE

Plaintiff cannot establish a prima facie case of liability as to these Defendants as to the claims contained in Count Two.

### FOURTEENTH SEPARATE DEFENSE

These Defendants reserve the right to apply to this Court for the imposition of sanctions against Plaintiff and counsel, and to make an application for counsel fees and costs of suit, on the basis that the within cause of action is without merit, is frivolous and has been instituted by Plaintiff in bad faith and with the intent to harass these Defendants and to cause these Defendants to incur great expenses in defense of same, all to the damage of these Defendants.

### FIFTEENTH SEPARATE DEFENSE

These Defendants actions did not violate any rights held by held under the U.S. or New Jersey State Constitution, nor any federal or state law.

### SIXTEENTH SEPARATE DEFENSE

These Defendants deny the allegations of improper conduct as set forth in Plaintiff's Complaint; however, the alleged misconduct does not rise to the level of a Constitutional violation.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff has failed to exhaust all applicable administrative remedies and is therefore barred from recovery.

### EIGHTEENTH SEPARATE DEFENSE

Without admitting Plaintiff's civil rights were violated, these Defendants aver that in any event these Defendants are shielded from liability for civil damages because the alleged conduct did not violate clearly established statutory and/or constitutional rights of which a reasonable person would have known.

### NINETEENTH SEPARATE DEFENSE

Plaintiff's alleged damages are not significantly substantial to proceed with this matter.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

### TWENTIETH SEPARATE DEFENSE

Without admitting Plaintiff's civil rights were violated, Plaintiff's claims are not actionable inasmuch as there is no evidence or allegation that the alleged misconduct was the result of deliberate indifference by these Defendants.

### TWENTY-FIRST SEPARATE DEFENSE

At no time relevant to this litigation was Plaintiff deprived of life, liberty or property thereby precluding Plaintiff from maintaining any causes of action for violation of civil rights.

### TWENTY-SECOND SEPARATE DEFENSE

The conduct of these Defendants did not deprive Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.

### TWENTY-THIRD SEPARATE DEFENSE

These Defendants are entitled to immunity.

### TWENTY-FOURTH SEPARATE DEFENSE

These Defendants have no policy, scheme, practice nor custom to violate the constitutional rights of any of their citizens nor do these Defendants have a custom, policy, scheme or practice to tolerate or permit violation of constitutional rights.

### TWENTY-FIFTH SEPARATE DEFENSE

At no time relevant to this litigation did Plaintiff sustain any violation of their civil rights pursuant to a governmental policy or custom thereby precluding Plaintiff from maintaining any causes of action for violation of civil rights.

### TWENTY-SIXTH SEPARATE DEFENSE

Defendants' actions were justified by legitimate governmental interests.

### TWENTY-SEVENTH SEPARATE DEFENSE

These Defendants did not fail to instruct, supervise, control, train and discipline its' employees.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

### TWENTY-EIGHTH SEPARATE DEFENSE

At all times relevant hereto, Defendants were protected by a qualified privilege and as such Plaintiff is barred from any recovery herein.

### TWENTY-NINTH SEPARATE DEFENSE

At all times relevant to this litigation, these Defendants acted in good faith and with probable cause and entertained an honest, reasonable belief that the actions of these Defendants were reasonable and necessary thereby precluding Plaintiff from maintaining any causes of action for violation of civil rights.

### THIRTIETH SEPARATE DEFENSE

These Defendants did not abuse their power.

### THIRTY-FIRST SEPARATE DEFENSE

These Defendants deny the allegations of improper conduct as set forth in Plaintiff's Complaint; however, the alleged misconduct does not rise to the level of a constitutional violation.

### THIRTY-SECOND SEPARATE DEFENSE

There was no willfulness involved in any of the events involving the factual basis upon which the suit is based.

### THIRTY-THIRD SEPARATE DEFENSE

Plaintiff's damages, if any, were result of actions by third-parties over whom these Defendants did not have control.

### THIRTY-FOURTH SEPARATE DEFENSE

These Defendants, if involved at all, acted reasonably, properly, and within the scope of their authority and in good faith in the performance of their duties.

### THIRTY-FIFTH SEPARATE DEFENSE

These Defendants had no direct and personal participation in the alleged occurrence.

### THIRTY-SIXTH SEPARATE DEFENSE

These Defendants were under a legal duty to arrest and/or charge Plaintiff.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

### THIRTY-SEVENTH SEPARATE DEFENSE

All of the actions of these Defendants were performed in good faith and in the performance of their duties, and they are, therefore, entitled to qualified immunity.

### THIRTY-EIGHTH SEPARATE DEFENSE

These Defendants acted at all times with probable cause.

### THIRTY-NINTH SEPARATE DEFENSE

These Defendants, in carrying out their duties, acted in good faith and without malicious intent to deprive Plaintiff of his constitutional rights.

### FORTIETH SEPARATE DEFENSE

The conduct of these Defendants as related to Plaintiff was reasonable and proper.

### FORTY-FIRST SEPARATE DEFENSE

At all times relevant hereto, these Defendants had the legal right to allegedly detain Plaintiff for purposes of the protection of these Defendants and other members of the public; said detention was reasonable both in type and length.

### FORTY-SECOND SEPARATE DEFENSE

These Defendants acted on reasonable grounds and without malice and, therefore, are not answerable to Plaintiff in damages.

### FORTY-THIRTY SEPARATE DEFENSE

Any action or failure to act on the part of these Defendants was in the nature of the discretionary activity and, accordingly, no liability may be imposed upon these Defendants.

### FORTY-FOURTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages is unconstitutional.

### FORTY-FIFTH SEPARATE DEFENSE

These Defendants specifically deny being liable for punitive damages.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

### FORTY-SIXTH SEPARATE DEFENSE

These Defendants deny the applicability of punitive damage theories under the facts of this litigation and, in any event, deny they are so liable under said theories.

### FORTY-SEVENTH SEPARATE DEFENSE

Punitive damages may not be awarded against these Defendants and are inappropriate and not recoverable under the facts of this case and should be dismissed.

### FORTY-EIGHTH SEPARATE DEFENSE

These Defendants hereby demand a bifurcated trial as to the issues of compensatory and punitive damages.

### FORTY-NINTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages must be dismissed because Plaintiff cannot prove by clear and convincing evidence that the acts or omissions of these Defendants were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions.

### FIFTIETH SEPARATE DEFENSE

These Defendants plead all the limitations and conditions as stated in the Punitive Damage Act, 2A:15-5.9, et seq.

### FIFTY-FIRST SEPARATE DEFENSE

Plaintiff's cause of action fails to sustain a claim for punitive damages.  The alleged arrest and subsequent prosecution of Plaintiff, upon information and belief, was expunged and in the interest of justice, the claims should be dismissed.

### FIFTY-SECOND SEPARATE DEFENSE

Plaintiff's claims against these Defendants are barred because the State of New Jersey and/or local authorities directed, supervised, ratified, and otherwise regulated all actions of these Defendants which are the subject of the Complaint.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

## FIFTY-THIRD SEPARATE DEFENSE

These Defendants adopt and assert, as applicable, any affirmative defenses identified by Co-Defendant(s).

## FIFTY-FOURTH SEPARATE DEFENSE

These Defendants reserve the rights to amend their affirmative defenses and to assert additional affirmative defenses, as discovery may reveal and up to the time of trial.

## ANSWER TO ALL CROSSCLAIMS

Defendants Township of Piscataway and The Piscataway Police Department, by way of answer to any and all Crossclaims, say:

These Defendants deny each and every allegation contained in Co-Defendant's Crossclaims and, therefore, leave Crossclaimants to their proofs.

## NOTICE OF ALLOCATION

Pursuant to R. 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991), these Defendants hereby advise that if any Co-Defendant settles the within matter prior to conclusion of trial, the liability of any settling Co-Defendant shall remain an issue and these Defendants shall seek an allocation of percentage of negligence by the finder of fact against such settling Co-Defendant and/or a credit in favor of these Defendants consistent with such allocation.

## REQUEST FOR DISCOVERY

**PLEASE TAKE NOTICE** that demand is hereby made of Plaintiff for complete compliance with Rule 26, for all discovery items/documentation.

## DESIGNATION OF TRIAL COUNSEL

Be advised that **Marc D. Mory, Esq. (ID# 18652001)** has been designated as trial counsel on behalf of Defendants Township of Piscataway and The Piscataway Police Department in the above-captioned matter.

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

## JURY DEMAND

Defendants Township of Piscataway and The Piscataway Police Department hereby demanda trial by jury in accordance with Federal Rule of Civil Procedure 38.

## CERTIFICATION OF PERSONAL IDENTIFIERS

In accordance with Rule 5.2 and District Court of New Jersey Electronic Case Filing Policy and Procedure 17, I hereby certify that no confidential personal identifiers are contained in the papers now being submitted to the Court.

## CERTIFICATION OF OTHER PROCEEDINGS

I hereby certify that the matter in controversy is not the subject of any other civil action or arbitration proceeding, now or contemplated, and that at this time no other parties should be joined in this action.

HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP<br>
Attorneys for Defendants Township of Piscataway and The Piscataway Police Department<br><br>
By: <i>/s/ Marc D. Mory</i><br>
MARC D. MORY

Dated: July 18, 2024

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701

## **PROOF OF MAILING**

I, **Marc D. Mory, Esq.**, hereby certify that on this date that I served via electronic filing, a true and accurate copy of the within Answer to Plaintiff's Complaint on behalf of Defendants Township of Piscataway and The Piscataway Police Department to the following:

Mr. William T. Walsh
Clerk, United States District Court
Martin Luther King, Jr. Federal Building and US Courthouse
50 Walnut Street
Newark, NJ 07102

I hereby certify that on this date that I served via electronic mail, a true and accurate copy of the within Answer to Plaintiff's Complaint on behalf of Defendants Township of Piscataway and The Piscataway Police Department to the following:

| | |
|---|---|
| Patrick P. Toscano, Jr., Esq. | John F. Gillick, Esq. |
| The Toscano Law Firm, LLC | Rainone, Coughlin, Minchello, LLC |
| 80 Bloomfield Avenue, Suite 101 | 555 U.S. Highway 1 South, Suite 440 |
| Caldwell, NJ  07006 | Iselin, NJ 08830 |
| Attorneys for Plaintiff, | Attorneys for Defendant, |
| Angel Alvarado | Dominic Forlenza |

I certify that the foregoing statements made by me are true.  I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
Attorneys for Defendants Township of Piscataway and The Piscataway Police Department

By: : */s/ Marc D. Mory*
　　　MARC D. MORY

Dated:  July 18, 2024

emc

**HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP**

40 PATERSON STREET
NEW BRUNSWICK, NJ 08901

701 WILTSEY'S MILL ROAD
BLDG. B, SUITE 202
HAMMONTON, NJ 08037

169 MAPLE AVENUE
RED BANK, NJ 07701